IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JENNIFER LYNN LUEKEN,

        Plaintiff,

v.

JASON RICH,

        Defendant.

Case No. 21-CV-00770-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This case is related to four previous cases in this Court filed by *pro se* Plaintiff Jennifer Lynn Lueken.[1] In July 2020, Lueken filed a complaint against HSHS St. Anthony's Memorial Hospital alleging fraud, medical malpractice, and wrongful death related to treatment her deceased husband received. SDIL Case No. 20-CV-00695-JPG. United States District Judge J. Phil Gilbert dismissed the case for failure to state a claim over which it has subject matter jurisdiction under the 28 U.S.C. § 1915(e)(2) *in forma pauperis* ("IFP") screening statute and failure to prosecute. Lueken filed another complaint on behalf of her husband in December 2020 against Barnes-Jewish Hospital; Jason Rich, M.D.; and St. Anthony's Memorial Hospital alleging similar claims. SDIL Case No. 20-CV-01346-JPG. Judge Gilbert dismissed the case without prejudice for failure to state a claim. Lueken filed another complaint on behalf of her husband in January 2021 against the Environmental Protection

---

[1] Lueken has one other active case in this Court. *See Lueken v. Crossroads Cancer Center et al*, SDIL Case No. 21-CV-00883-JPG.

Agency; Food and Drug Administration; and the Occupational Safety and Health Administration for products liability related to paint that contained carcinogens, which her husband used to paint the interior of their residence before doctors found a tumor. SDIL Case No. 21-CV-00003-SPM. The undersigned District Judge dismissed the case without prejudice for failure to state a claim after allowing her time to amend. Lueken filed another complaint in June 2021 against James Egner alleging medical malpractice related to treatment her husband received. SDIL Case No. 21-CV-00759-DWD. Judge David W. Dugan dismissed the case without prejudice for lack of subject matter jurisdiction.

This case is now before the Court for consideration of Lueken's Motion for Leave to Proceed IFP (Doc. 4). In July 2021, Lueken filed a new Complaint on behalf of her husband against Rich, alleging fraud, medical malpractice, and wrongful death related to treatment her husband received (Doc. 1). In the Complaint, Lueken claims that Rich, an otolaryngologist at Barnes-Jewish Hospital, performed throat surgery on her husband (*Id.*). She claims that after the surgery, Rich stated he was pleased with the surgery and "everything was clear on the left and right margins." (*Id.*). She claims that a pathology report proved that the right margin was not clear (*Id.*). She further states that her husband's follow-up appointment was delayed, and he bled so profusely after the surgery that he had to be admitted to the hospital again to cauterize the wound (*Id.*). Lueken then alleges that Rich did some more biopsies and stated that he did not foresee any cancer (*Id.*). Lueken asserts that a pathology report proves that this was a lie (*Id.*).

Lueken claims that Rich's actions amount to fraud, medical malpractice, and wrongful death (*Id.*). She is asking for relief that includes $10,000,000 in compensatory damages, $10,000,000 in punitive damages, and the revocation of Rich's medical license.

Leuken's Complaint fails for two reasons: her failure to prosecute and lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), 41(b).

First, on July 7, 2021, the Court ordered Lueken to show cause as why her case should not be dismissed for lack of subject matter jurisdiction (Doc. 5). The Court gave her thirty days to provide a basis for subject-matter jurisdiction. To date, Lueken has not responded to the Order. Therefore, Lueken failed to comply with an order of the Court and failed to prosecute her claims.

Second, while Lueken appears to be indigent, and she has signed her affidavit attesting to her indigency, 28 U.S.C. § 1915(a)(1) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff as well.

The Court gives jurisdictional scrutiny on the issue of federal subject matter jurisdiction. "It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007). Lueken has failed to properly allege federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Specifically, she did not state a claim involving a federal question, *see* 28 U.S.C. § 1331, and she did not plead Rich's citizenship to establish diversity jurisdiction, 28 U.S.C. § 1332(a).

Furthermore, Lueken seeks to sue on behalf of her husband's estate, but she has not established that she has standing to sue on behalf of the estate. Specifically, she does not allege that she is the estate's executor, administrator, or that she is otherwise a legal representative of the estate.

Moreover, the Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Lueken's Motion for IFP requires the undersigned District Judge to closely review the allegations of her petition.

Lueken's claims fail this additional level of review. The Complaint barely provides any information about Rich's actions and what the pathology reports suggest. Without more, these allegations merely suggest the sheer possibility that Rich acted unlawfully. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal citations omitted). Moreover, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b) (emphasis added). Lueken's threadbare Complaint failed to meet the basic pleading requirements, let alone the heightened standard for fraud claims.

## CONCLUSION

For the foregoing reasons, Plaintiff Jennifer Lynn Lueken's Motion for Leave to Proceed IFP (Doc. 4) is **DENIED** and her case is **DISMISSED without prejudice**. The Court further **ORDERS** Lueken to pay to the Clerk of Court the full filing fee of $402.00, which she incurred when she filed this lawsuit, within 30 days of entry of this order. Should she fail to comply with this order, the Court will consider imposing immediate sanctions.

## ADDITIONAL SANCTION WARNING

As noted above, this is at least the fifth frivolous lawsuit Lueken has filed in this district in recent months. She continues to force the Court to waste its limited and valuable resources reviewing her indecipherable filings and contemplating what to do with them. Litigants with legitimate claims and defenses are left to bear the burden of the resulting delays.

Lueken's frivolous filings in this district violate Federal Rule of Civil Procedure 11(b), which prohibits filings that are factually or legally frivolous. A litigant's conduct in violation of Rule 11(b) warrants sanctions under Rule 11(c) after the litigant is given a reasonable opportunity to respond.

The Court now **WARNS** Lueken that if she again files a frivolous lawsuit, the Court will impose an appropriate financial sanction pursuant to Federal Rule of Civil Procedure 11 and will bar her from filing anything more until she pays that sanction. *See Support Syst. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995).

The Court strongly encourages Lueken to seek the advice and assistance of legal counsel. Should meritorious claims arising out of her husband's tragic death

exist, it is now clear that her best chance of securing redress would be with competent legal counsel shepherding her through the litigation process.

**IT IS SO ORDERED.**

**DATED:   August 11, 2021**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
